IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRAN DUY THANH, §<br>#027747889, §<br>　　　　Petitioner, §<br>§<br>v. §<br>§<br>UNITED STATES OF AMERICA, §<br>§<br>　　　　Respondent. § | No. 3:24-cv-01930-S (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

　　　Petitioner Tran Duy Thanh filed a habeas application under 28 U.S.C. § 2241 claiming that he has been detained pending removal for an unreasonable amount of time in violation of 8 U.S.C. § 1231 and the Due Process Clause. ECF No. 3 at 6. As relief, Tranh seeks release from ICE custody. ECF No. 3 at 7.

　　　On October 16, 2024, the Government filed a "Notice of Release" informing the Court that ICE released Thanh from custody after he filed this § 2241 application. ECF No. 8. The Government asks the Court to dismiss this case as moot under Federal Rule of Civil Procedure 12(b)(1). ECF No. 8.

　　　"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable

interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

The habeas petition only seeks Thanh's release from custody pending his removal. Since he is no longer detained pending removal, his sole ground for relief is now moot, and this court lacks jurisdiction to consider his petition. *See, e.g., Singh v. Mukasey,* 2009 WL 1097255, at *1 (N.D. Tex. Apr. 22, 2009); *Caquias v. Dist. Dir. of ICE,* 2008 WL 5378173, at *1 (N.D. Tex. Dec. 23, 2009).

## Recommendation

The petition for a writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** as moot. Fed. R. Civ. P. 12(b)(1).

SO RECOMMENDED.

October 18, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).